<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD L. GORE,<br><br>            Petitioner,<br><br>    v.<br><br>PAUL K. LAGANO,<br><br>            Respondent. | Civil Action No. 11-3008 (FLW)<br><br>**OPINION** |

**APPEARANCES**:

    GERALD L. GORE, #911575C
    South Woods State Prison
    215 S. Burlington Road
    Bridgeton, New Jersey 08302
    Petitioner *Pro Se*

    MARY R. JULIANO
    MONMOUTH COUNTY PROSECUTOR
    17 Monument Park
    Freehold, New Jersey 07728
    Attorneys for Respondents

<u>**WOLFSON, District Judge**</u>:

    Gerald L. Gore filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Gore challenges a judgment filed in the Superior Court of New Jersey, Monmouth County ("trial court"), on May 17, 2005, as amended on remand, after a jury found him guilty of first-degree aggravated sexual assault, second-degree sexual assault, and second-degree endangering the welfare of a child. The government filed an Answer. This Court will dismiss the Petition on the merits with prejudice and decline to issue a certificate of appealability.

## I.  BACKGROUND

On August 22, 2003, a grand jury of the State of New Jersey, sitting in Monmouth County, returned an indictment charging Gore with the first-degree aggravated sexual assault of C.M, who was five years old, the second-degree sexual assault of C.M., and second-degree endangering the welfare of a child.  (Indictment, ECF No. 10-3 at 72.)   After a trial, a jury found Gore guilty on all counts.[1]  The trial court imposed a 16-year term of imprisonment.  (Judgment, ECF No. 10-3 at 74.)  Gore appealed.  The Appellate Division affirmed the conviction and remanded for resentencing based on *State v. Natale,* 184 N.J. 458 (2005), and improper merger.  *See State v. G.L.G.,* Docket No. A-3622-04T4 sl. opinion at 2-5 (N.J. Super. Ct., App. Div., July 6, 2007) ("Direct Appeal Opinion," ECF No. 10-5)   On remand, the trial court reduced Gore's sentence to 15 years, subject to the No Early Release Act.  *See State v. G.L.G.,* 2010 WL 4340637 *1 n.2 (N.J. Super. Ct., App. Div., Nov. 4, 2010).  On November 15, 2007, the New Jersey Supreme Court denied certification.  *See State v. Gore,* 193 N.J. 221 (2007) (table).

On December 20, 2007, Gore filed a petition for post-conviction relief ("PCR") in the trial court.  (PCR Petition, ECF No. 10-10 at 57.)  On July 27, 2009, Judge Edward M. Neafsey, the trial judge, denied the PCR petition without conducting an evidentiary hearing.  (Order, ECF No. 10-10 at 97.)  The Appellate Division affirmed the order denying PCR on November 4, 2010.

---

[1] The case arose while Gore was residing with C.M., who was five years old, and C.M.'s mother, H.M., from March 11, 2003, through April 23, 2003, after H.M. met Gore, a native of Alabama, over the internet.  The sexual assault took place when H.M. left C.M. alone with Gore on March 23, 2003, while H.M. attended a birthday party.  On May 15, 2003, C.M. told H.M.'s friend, Ruth, that Gore had touched her "private parts."  After speaking with C.M., H.M. reported the incident to the police the following day.  *See State v. G.L.G.,* Docket No. A-3622-04T4 sl. opinion at 2-5 (N.J. Super. Ct., App. Div., July 6, 2007) ("Direct Appeal Opinion," ECF No. 10-5).

*See State v. G.L.G.,* 2010 WL 4340637 *1 n.2 (N.J. Super. Ct., App. Div., Nov. 4, 2010).  The New Jersey Supreme Court denied certification on February 15, 2011.  *See State v. G.L.G.,* 205 N.J. 102 (2011) (table).

Gore signed the § 2254 Petition ("the Petition") presently before this Court on May 20, 2011.  The Clerk received it on May 23, 2011.  After notifying Gore of his rights pursuant to *Mason v. Meyers,* 208 F.3d 414 (3d Cir. 2000).  Gore asked this Court to consider the Petition "as is."  (ECF No. 4.)  The Petition raises four grounds:

> Ground One:   INADMISS[I]BLE HEARSAY.
> Supporting Facts:   Inadmiss[i]ble hearsay testimony of C.M. [ ] to R.G., H.M. and Detective Paglino.
>
> Ground Two:   VIDEOTAPED INTERVIEW OF C.M. WAS INSUFFICIENTLY ADMITTED.
> Supporting Facts:   Videotape was insufficiently []intelligible to be admitted.
>
> Ground Three:   INADMISS[I]IBLE HEARSAY CONTAINING PREJUDICIAL INCLUDED HEARSAY WAS ADMITTED.
> Supporting Facts:   In violation of defendant's Federal and State constitutional rights to confront the witnesses against him.
>
> Ground Four:   PRIOR CONVICTION[] W[AS] ERRONEOUSLY ADMITTED BECAUSE IT WAS NOT SUFFICIENTLY PROVEN.
> Supporting Facts:   Convictions were not proven by stamped or sealed documents.

(Petition, ECF No. 1 at 5-14.)

On January 3, 2012, the State filed an Answer, arguing that the Petition should be dismissed on the merits.  (Answer, ECF No. 10.)

## II.   STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas petition to a state prisoner.  *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398

3

(2011). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court adjudicated petitioner's federal claim on the merits, as in this case, a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). "[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," as of the time of the relevant state-court decision. *White v. Woodall,* 134 S.Ct. 1697, 1702 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." *Williams*, 529 U.S. at 405-06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the

4

state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 529 U.S. at 413.

Where a petitioner seeks habeas relief, pursuant to § 2254(d)(2), on the basis of an erroneous factual determination of the state court, two provisions of the AEDPA necessarily apply. First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); *see Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### III.   DISCUSSION

A.   Confrontation Clause (Grounds One and Three)

In Ground One of the Petition, Gore claims that the admission of C.M.'s statements made to Ruth, H.M. and Detective Paglino, as well as the admission of her videotaped interview, violated his rights. In Ground Three, he argues that the admission of hearsay within hearsay via the testimony of Sergeant Valle, with respect to H.M.'s statement to Gore relaying what C.M. had told H.M., violated his constitutional rights. This Court will consider both grounds as raising Confrontation Clause claims, as Gore raised these grounds as Confrontation Clause claims on direct appeal. (Direct Appeal Brief, ECF No. 10-3 at 2.) Specifically, Gore argued on direct appeal that the admission of C.M.'s statements to her mother, to Ruth and to Detective Paglino (through the testimony of those witnesses), and the admission of her videotaped statement, constituted inadmissible hearsay barred by the Sixth Amendment's Confrontation Clause because

5

the statements were not subject to adequate cross-examination. He also argued that the admission of certain testimony of Sergeant Valle violated the Confrontation Clause because it included hearsay within hearsay. The trial judge overruled Gore's objection and allowed Valle, the police officer who took H.M.'s initial call, to answer a question posed by the prosecutor on cross-examination, which elicited hearsay within hearsay, as will be explained below.

The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend VI. This guarantee applies to both federal and state prosecutions. *See Pointer v. Texas*, 380 U.S. 400 (1965). In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Sixth Amendment's Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has had a prior opportunity for cross-examination." *Id.* at 53-54. The Court defined "testimony" as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact. An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford*, 541 U.S. at 51 (citations and internal quotation marks omitted).

In this case, the Appellate Division found that the admission of C.M.'s statements regarding the sexual assault through the testimony of her mother, her mother's friend Ruth, and Detective Paglino, and the admission of C.M.'s videotaped interview, did not violate the Confrontation Clause because C.M. testified at trial and she was subject to cross-examination by Gore's attorney. (Direct Appeal Opinion, ECF No. 10-5 at pp. 10-11.) The Appellate Division further noted that neither C.M.'s limited recall during her testimony of the events described in her

6

hearsay statements nor the degree of her responsiveness to cross-examination altered the Confrontation Clause analysis.

> Hearsay statements made, for example, by a witness who, while testifying, could not recall or explain the basis for the statement remain admissible because "[t]he Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Owens,* 484 U.S. 554, 559 . . . (1988) (quotations omitted). We need not decide if the complete inability of a child witness to recall the incidents described in a hearsay statement would present . . . constitutional objections . . . because C.M. did testify to the incident giving rise to the charge against defendant. Accordingly, no Confrontation Clause issues were implicated . . . .

(Direct Appeal Opinion, ECF No. 10-5 at 11.)

This Court holds that the Appellate Division's adjudication of Gore's first Confrontation Clause claim was not contrary to, or an unreasonable application of *Crawford* or other Supreme Court holdings. As the Appellate Division noted, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of h[er] prior testimonial statements. It is therefore irrelevant that the reliability of some out-of-court statements cannot be replicated, even if the declarant testifies to the same matters in court. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.'" *Crawford,* 541 U.S. at 59 n.9 (citations and internal quotation marks omitted). Furthermore, the Appellate Division's determination that C.M.'s limited recall on cross-examination of the events described in her hearsay statements had no effect on the Confrontation Clause analysis is consistent with Supreme Court precedent. *Crawford* explained that "the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be

assessed in a particular manner: by testing in the crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined." *Crawford,* 541 U.S. at 62.

Because the Appellate Division's determination that the admission of C.M.'s statements (via the testimony of other witnesses and a videotape) did not implicate the Confrontation Clause was not contrary to, or an unreasonable application of Supreme Court holdings, Gore is not entitled to habeas relief on this claim. *See United States v. Owens,* 484 U.S. 554, 559 (1988) (holding that the Confrontation Clause does not bar testimony concerning a prior, out-of-court identification when the identifying witness is unable, because of memory loss, to explain the basis for the identification because the Confrontation Clause "guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.") (quoting *Delaware v. Fensterer,* 474 U.S. 15, 20 (1985) (per curiam)); *Rolan v. Coleman,* 680 F.3d 311, 327 (3d Cir. 2012) (holding that the admission at retrial of the testimony of a witness who testified at the first trial, but had died prior to the retrial, was not contrary to, or an unreasonable application of *Crawford* where § 2254 petitioner had "an adequate opportunity to cross-examine" the witness at the first trial); *United States v. Price,* 458 F.3d 202, 209 n.2 (3d Cir. 2006) ("The instant case does not present any Confrontation Clause issues because the challenged hearsay statements were made by Bonett, who testified at trial and was available for cross-examination.")

The Appellate Division also rejected Gore's Confrontation Clause claim challenging the admission of hearsay within hearsay by way of the testimony of Sergeant Valle. Gore called

8

Valle as a witness; Valle was the police officer who took H.M.'s initial call to the police.  On cross-examination of Valle, the prosecutor asked Valle the following question:  "Did she tell you that her daughter didn't tell about what happened because she had told Mr. Gore had told her that if she told her mommy anything, he would hurt her?"  (Transcript, ECF No. 10-18 at 5.)  Gore objected to the question on hearsay grounds, and the trial judge overruled the objection.  (Transcript, ECF No. 10-18 at 5.)  Valle answered, "Yes, she did."  *Id.*  On direct appeal, Gore argued that by allowing this question to be answered, the trial court admitted prejudicial hearsay in violation of the Confrontation Clause.  (Direct Appeal Brief, ECF No. 10-3 at 41.)  The Appellate Division ruled that the challenged evidence did not violate the Confrontation Clause because it was not offered to prove the truth of the matter asserted.  (Direct Appeal Opinion, ECF No. 10-5 at 12.)  Specifically, the Appellate Division found:

> We reach the same conclusion respecting the judge's decision to admit Valle's recitation of the information he had received from H.M. when he took the initial complaint.  That testimony was elicited to rebut a defense suggestion that H.M. had been less than forthright in her reporting and was meant to demonstrate that H.M. had indeed provided substantial relevant information.  The evidence of H.M's statement was not elicited to prove the truth of the statement; it was offered only to prove the statement was made.  Since it was not offered to prove the truth of the statement, it was not hearsay.

(Direct Appeal Opinion, ECF No. 10-5 at 12.)

This determination is consistent with *Crawford,* which reiterated that "[t]he Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  *Crawford,* 541 U.S. at 59 n.9 (citing *Tennessee v. Street,* 471 U.S. 409, 414 (1985)).  This Court holds that the Appellate Division's adjudication of Gore's Confrontation Clause claim challenging Valle's answer to the challenged question was not contrary to, or an

9

unreasonable application of Supreme Court holdings. *See Michigan v. Bryant*, 131 S.Ct. 1143, 1155 (2011) (holding that admission of out-of-court statements made by a mortally wounded victim to police officers, in which the victim identified defendant as the shooter and stated that the shooting occurred at the back door of defendant's house, did not violate the Confrontation Clause because the statements were "not procured with a primary purpose of creating an out-of-court substitute for trial testimony," but to determine whether an emergency that could threaten the police and the public at large was ongoing); *Davis v. Washington,* 547 U.S. 813, 827 (2006) (holding that the admission of a victim's 911 call to the police, in which the victim identified the defendant as the perpetrator of an act of domestic violence, did not violate the Confrontation Clause because the evidence was not designed to prove "some past fact, but to describe current circumstances requiring police assistance."); *Crawford*, 541 U.S. at 60 n.9 ("The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."); *see also United States v. Berrios,* 676 F.3d 118, 127 (3d Cir. 2012) (holding that the admission of a surreptitiously recorded conversation in a recreational yard at a detention facility in which the defendant and Moore discussed their roles in a shooting and named the getaway driver, did not violate the Confrontation Clause because surreptitiously recorded conversation was not testimonial under *Crawford* and *Davis); United States v. Jimenez,* 513 F.3d 62, 80 (3d Cir. 2008) (holding that admission of tax returns filed with the IRS did not violate the Confrontation Clause because "[n]onhearsay use of evidence as a means of demonstrating a discrepancy does not implicate the Confrontation Clause."); *United States v. Hinton,* 423 F.3d 355,

358 n.1 (3d Cir. 2005) ("[T]estimonial statements are admissible without prior cross examination if they are not offered for their truth.").[2]

B.   Admission of Videotaped Interview of C.M. (Ground Two)

In Ground Two, Gore asserts that the videotaped interview of C.M. "was insufficiently []intellig[i]ble to be admitted." (Petition, ECF No. 1 at 7.) On direct appeal, Gore argued that the admission of Detective Paglino's videotaped interview of C.M. violated "fundamental fairness" because "C.M.'s statements on the tape [were] mostly garbled and inaudible and thus unintelligible," Paglino "supplied content to C.M's garbled assertions by repeating his interpretation of them, which [was] highly misleading," and there was "danger that the jurors would speculate as to what C.M's garbled words were." (Direct Appeal Brief, ECF No. 10-3 at

---

[2] Gore does not claim that the failure to give a limiting instruction with respect to Valle's challenged testimony was contrary to *Tennessee v. Street*, 471 U.S. 409 (1985), and he did not present this argument to the Appellate Division. However, to the extent that his Petition can be construed as claiming that the admission of Valle's answer to the challenged question, in the absence of a limiting instruction, was contrary to *Street*, as interpreted by *Adamson v. Cathel*, 633 F.3d 248 (3d Cir. 2011), this Court finds that habeas relief is not warranted because *Street* and *Adamson* are distinguishable. Unlike this case, *Street* and *Adamson* involved the admission of an expressly incriminating statement of a co-defendant who did not testify. *See Adamson,* 633 F.3d at 259, n.8 ("Nonhearsay use of statements generally raises no Confrontation Clause concerns . . . . But we and our sister circuits have acknowledged *Street's* teaching that a limiting instruction is necessary where, as here, nonhearsay use is made of expressly incriminating statements" of a co-defendant). Alternatively, to the extent that the absence of a limiting instruction in this case was contrary to *Street,* as interpreted by *Adamson,* this Court finds that the Confrontation Clause error in this case was harmless because it did not result in substantial and injurious effect in determining the jury's verdict. *See Adamson,* 633 F.3d at 259-61 (holding that errors under the Confrontation Clause are subject to harmless error analysis); *see also Delaware v. Van Arsdall,* 475 U.S. 673, 684 (1986). Here, the State's case against Gore rested primarily on C.M.'s testimony and statements. Unlike the confessions of co-defendants in *Street* and *Adamson,* which directly implicated them in the crimes for which they were being tried, in this case, the admission of Valle's challenged testimony did not result in actual prejudice to Gore. *See Boretsky v. Ricci,* Civ. No. 09-0771 (FLW), 2012 WL 664945 **39-40, *certificate of appealability denied,* C.A. 12-1707 (3d Cir. Nov. 5, 2012).

40-41.)  The Appellate Division rejected the claim on the ground that "our independent review convinces us that the material aspects of the tape were clear and those minor portions that were unintelligible were not at all critical."  (Direct Appeal Opinion, ECF No. 10-5 at 12.)

      The State correctly argues that this Court must presume the correctness of the Appellate Division's factual finding that the videotape was adequately clear.  *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.   The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.")  Gore has not rebutted the presumption by clear and convincing evidence, and he has not argued or shown that the Appellate Division's adjudication of this claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," as required to obtain habeas relief under 28 U.S.C. § 2254(d)(2)).  *See Miller-El v. Dretke,* 545 U.S. at 240 (holding that a district court must "presume the [state] court's factual findings to be sound unless [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.'"); *Rountree v. Balicki,* 640 F.3d 530, 541-42 (3d Cir. 2011) (habeas court is "bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.") (quoting *Simmons v. Beard,* 590 F.3d 223, 231 (3d Cir. 2009)).

      Moreover, the question of the admission of evidence is essentially a state law evidence claim and "the Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."  *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983).  In *Estelle v. McGuire*, 502 U.S. 62 (1991), the Supreme Court held that the state court's

12

admission, in petitioner's trial for murdering his infant daughter, of the testimony of two physicians that the child had suffered prior child abuse did not violate due process, since the evidence was relevant to show intent and "nothing in the Due Process Clause of the Fourteenth Amendment requires the State to refrain from introducing relevant evidence simply because the defense chooses not to contest the point." *Id*. at p. 70.

Here, the Appellate Division determined that the videotaped statement was properly admitted under New Jersey law. Even if that state evidentiary ruling was erroneous, it cannot form the basis of a federal habeas challenge under *Estelle*. *See Wilson v. Vaughn,* 533 F.3d 208, 213 (3d Cir. 2008) ("Admissibility of evidence is a state law issue.") "To prevail on his due process claim, [Gore] must prove that he was deprived of 'fundamental elements of fairness in [his] criminal trial." *Glenn v. Wynder,* 743 F.3d 402, 407 (3d Cir. 2014) (quoting *Riggins v. Nevada,* 504 U.S. 127, 149 (1992)) (citation and internal quotation marks omitted). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly, based on the recognition that, beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited application." *Medina v. California,* 505 U.S. 437, 443 (1992). "In order to satisfy due process, [Gore's] trial must have been fair; it need not have been perfect." *Glenn,* 743 F.3d at 407 (citing *United States v. Hasting,* 461 U.S. 499, 508 (1983)).

In this case, Gore cites no Supreme Court case clearly establishing that the admission of a videotaped statement of a witness who testifies at trial violates due process. This Court finds that the New Jersey courts' adjudication of his due process claim challenging the admission the videotaped statement was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See Ross v. District Attorney of the County of Allegheny,* 672 F.3d

13

198, 207 n.5 (3d Cir. 2012) (rejecting § 2254 petitioner's challenge to state court ruling concerning the admission of evidence on the ground that "federal habeas corpus relief does not lie for errors of state law.") (quoting *Swarthout v. Cooke,* 131 S.Ct. 859, 861 (2011) and *Estelle,* 502 U.S. at 67); *cf. Charlton v. Franklin*, 503 F. 3d 1112, 1115 (10th Cir. 2007) (state court's admission of evidence of petitioner's prior bad acts did not render trial fundamentally unfair or warrant habeas relief); *Minett v. Hendricks*, 135 F.App'x 547, 553 (3d Cir. 2005) ("Minett cites no Supreme Court case clearly establishing the admission of 'other crimes' evidence constitutes a violation of federal fair trial rights").

C.      Admission of Gore's Prior Conviction (Ground Four)

In Ground Four, Gore asserts that the admission of his prior conviction (to impeach his credibility) was error because the conviction was not sufficiently proved "by stamped or sealed documents."  (Petition, ECF No. 1 at 10.)  Gore raised this claim on direct appeal, arguing that the admission of his 2002 conviction for violation of probation in Florida for impeachment purposes was contrary to the New Jersey Rules of Evidence because it was not properly authenticated, was not certified, and was not stamped with a seal.  (Direct Appeal Brief, ECF No. 10-3 at 53-55.)  The Appellate Division found that Gore's 2002 Florida conviction was properly admitted under New Jersey law, there "was more than ample proof of the conviction," and "the record does not support [his] claim that he was unrepresented in Florida."  (Direct Appeal Opinion, ECF No. 10-5 at 14.)

Gore is not entitled to habeas relief on his challenge to the admission of his Florida conviction because, like his claim challenging the admission of the videotape, he has not shown

14

that the Appellate Division's adjudication of what is essentially a state law claim was contrary to, or an unreasonable application of Supreme Court due process precedent.

D.      Certificate of Appealability

Gore has not made a substantial showing of the denial of a constitutional right.   Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B).   *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.   CONCLUSION

This Court dismisses the Petition with prejudice and denies a certificate of appealability.

/s/ Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

DATED:    May 19, 2014

15